**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHELLE ZALDIVAR, DESERAY RAMON, and DIAMOND RAMON,

    Plaintiffs,

vs.

LORI MEDINA, PRISSILLA MOYICA, MADELINE LEE, WREN BRADLY, and THE SANTA CLARA COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

Case No. 2:16-cv-01165-GMN-VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 1)
COMPLAINT (ECF NO. 1-2)

    This matter involves Plaintiffs Michelle Zaldivar, Deseray Ramon, and Diamond Ramon's civil action against Lori Medina, Prissilla Moyica, Madeline Lee, Wren Bradly, and the Santa Clara County Sheriff's Department (the "Sheriff's Department") (ECF No. 1-2).  Before the court is Plaintiff Zaldivar's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-2).[1]  For the reasons stated below, Zaldivar's application to proceed *in forma pauperis* is granted and she may proceed with this action.  It is recommended that Zaldivar's complaint be dismissed with leave to amend.

/// /// ///

/// /// ///

    **I.**    ***In Forma Pauperis* Application**

    Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security

---

[1] The court infers from the complaint's allegations that Plaintiffs Deseray and Diamond Ramon are Plaintiff Zaldivar's minor children.  Since Deseray and Diamond have not filed *in forma pauperis* petitions, the court will address only Zaldivar's claims.

1

therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations emitted).

Here, Zaldivar's application to proceed i*n forma pauperis* states she receives only $1300.00 a month from part-time work and disability. Zaldivar's expenses are $600.00 for housing and $100.00 for gas. Accordingly, Zaldivar's application is granted.

## II.  Section 1915(e) Screening

Under section 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint to determine whether the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and Iqbal prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

1. <u>Lori Medina, Prissilla Moyica, Madeline Lee, and Wren Bradly</u>

Zaldivar lists Lori Medina, Prissilla Moyica, Madeline Lee, and Wren Bradly as defendants in the caption but she does not alleged that they engaged in any wrongdoing. Accordingly, Lori Medina, Prissilla Moyica, Madeline Lee, and Wren Bradly should be dismissed.

2. <u>Santa Clara County Sheriff's Department</u>

Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (holding the state agency did not violate a child's due process rights by failing to protect him from his abusive father). An allegation that the police conducted an inadequate investigation, without more, fails to state a claim for relief. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985).

Here, Zaldivar's claims against the Sheriff's Department fail as a matter of law. Zaldivar accuses the Sherriff's Department of "failure to investigate & failure to protect" in the caption. It is difficult to interpret Zaldivar's complaint. It appears that Zaldivar also accuses the Sherriff's Department of wrongdoing.

Zaldivar alleges her abusive ex-husband conspired with the Gilroy Police, DFCS, and the school district "to aid & abed in conspiracy to defraud the federal government." (ECF No. 1-2). She also states that they are conspiring to "steal [her and her children's] disability checks & get double grants." *Id.* Zaldivar reported her claims to the Sheriff's Department, and they alleged "failed to investigate her claims and to protect her." *Id.* These two claims however are foreclosed by *DeShaney* and *Gomez*.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Zaldivar's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Zaldivar is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS RECOMMENDED that Zaldivar's complaint (ECF No. 1-2) be DISMISSED with leave to amend within thirty (30) days from the date the clerk mails Zaldivar the court's order dismissing the

/// /// ///

/// /// ///

/// /// ///

/// /// ///

complaint. The court also recommends that if Zaldivar fails to file an amended complaint within thirty (30) days her complaint should be dismissed *with prejudice*.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action**. LSR 2-2.

DATED this __7th__ day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE