**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHELLE ZALDIVAR, *et al.*,

        Plaintiffs,

vs.

LORI MEDINA, *et al.*,

        Defendants.

Case No.: 2:16-cv-01165-GMN-VCF

**ORDER**

Pending before the Court is a Motion for Reconsideration, (ECF No. 10), filed by pro se Plaintiff Michelle Zaldivar ("Plaintiff").[1] The Motion seeks reconsideration of the Court's Order, (ECF No. 9), accepting and adopting in full the unopposed Report and Recommendation ("R&R"), (ECF No. 3), entered by the Honorable Cam Ferenbach, United States Magistrate Judge. For the reasons discussed below, the Court DENIES the Motion.

**I.     BACKGROUND**

On June 7, 2016, the Judge Ferenbach entered an R&R granting Plaintiff's Application for Leave to Proceed *in forma pauperis* and recommending dismissal of Plaintiff's claims without prejudice. (R&R 4:11–24, ECF No. 3). Judge Ferenbach reasoned that Plaintiff's Complaint failed to allege any wrongdoing against the individuals named in the case caption. (*Id.* 3:16–18). Further, Judge Ferenbach explained that Plaintiff's allegations against the Santa Clara County Sheriff's Department failed as a matter of law.

Pursuant to Local Rule IB 3-2(a), objections were due by June 24, 2016. *See* L.R. 3-2(a). On June 23, 2016, Plaintiff Michelle Zaldivar ("Plaintiff"), filed a Notice, (ECF No. 6), which

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

the Court construed as a motion to extend time. Accordingly, the Court extended Plaintiff's deadline to object to the R&R to July 28, 2016. (Order, ECF No. 7). Plaintiff failed to file an objection, and the Court accepted and adopted the R&R in full on July 29, 2016. (*See* Order, ECF No. 9). On August 25, 2016, Plaintiff filed her Motion for Reconsideration.

## II.    LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994). Thus, Rules 59(e) and 60(b) are not "intended to give an unhappy litigant one additional chance to sway the judge." *See Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III.    DISCUSSION

Plaintiff does not argue that the Magistrate Judge or the Court committed clear error in concluding that her claims should be dismissed. Instead, Plaintiff merely re-asserts the same claims already dismissed by the Court. After reviewing the record in this case, the Court can find no error in its Order or the Magistrate Judge's R&R. Accordingly, the Court denies Plaintiff's Motion for Reconsideration.

Further, the Court notes that its July 29, 2016 Order permitted Plaintiff to file an amended complaint by August 29, 2016. (Order 2:3–5). The Court cautioned Plaintiff that "[f]ailure to file an amended complaint by this date shall result in the dismissal of Plaintiff's

claims with prejudice." (*Id.* 2:5–6).  Because Plaintiff has failed to file an amended complaint, the Court dismisses Plaintiff's Complaint with prejudice.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider, (ECF No. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

The Clerk of Court shall close the case.

**DATED** this __23__ day of February, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court